UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILY BETTY-DAWN WOOD-SCHULTZ,

    Plaintiff,

v.                                                                                                 Case No. 11-C-975

RUSSELL JOHN SCHULTZ,

    Defendant.

**ORDER**

Plaintiff has filed an action in this Court. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff, a native of Canada, at one point was married to the Defendant. The Defendant later filed for divorce. Plaintiff alleges that

the state divorce court would not honor a federal I-864 "Affidavit of Support" form that is used to show that an immigrant has a means of financial support. The I-864 form is a binding contract between the sponsor and the U.S. Government. It also binds a sponsor to provide the financial support he has promised the immigrant, and an immigrant may sue the sponsor if he does not fulfill those obligations. *Wenfang Liu v. Mund,* 748 F. Supp.2d 958, 962 (W.D.Wis. 2010) ("While a form I–864 affidavit is a contract between the sponsor and the United States Government, the sponsored immigrant may bring a lawsuit to enforce it as the named, third-party beneficiary.")

Five circumstances terminate a sponsor's support obligations under the statute and defendant's affidavit: "(1) the sponsor dies; (2) the sponsored immigrant dies; (3) the sponsored immigrant becomes a United States citizen; (4) the sponsored immigrant departs the United States permanently; or (5) the sponsored immigrant is credited with 40 qualifying quarters of work." *Skorychenko v. Tompkins,* 2009 WL 3126379, *2 (W.D. Wis. Sept. 28, 2009) (citing 8 U.S.C. § 1183a). According to the complaint, none of these events has occurred. Although I cannot say at this stage that the Plaintiff is entitled to all the relief she seeks, it appears that she at least states a claim for recovery. Accordingly, the complaint will be allowed to proceed. *See also Carlborg v. Tompkins,* 2010 WL 4553558 (W.D. Wis. 2010).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the filing fee is waived.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-

2

service package is $8 per item. The full fee schedule is provided in the Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   21st   day of October, 2011.

                                                                             s/ William C. Griesbach
                                                                             William C. Griesbach
                                                                             United States District Judge