UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILY BETTY-DAWN WOOD-SCHULTZ,

        Plaintiff,

  v.                                         Case No. 11-C-975

RUSSELL JOHN SCHULTZ,

        Defendant.

**ORDER FOR HEARING**

In this civil suit for injunctive relief pursuant to the Immigration and Naturalization Act, 8 U.S.C. § 1183(a), Plaintiff Emily Betty-Dawn Wood-Schultz seeks to enforce the provisions of an I-864 Affidavit of Support in which Defendant Russell J. Schultz agreed to maintain Plaintiff at an income of at least 125% of the federal poverty guidelines. Under the Immigration and Nationality Act, an immigrant who is likely to become a public charge is ineligible for admission to the United States unless his or her Application for Admission is accompanied by an Affidavit of Support (Form I-864) signed by a sponsor who is petitioning for the immigrants admission. 8 U.S.C. § 1182(a)(4)(B)(ii). By signing the Affidavit, "the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125% of the federal poverty line." 8 U.S.C. § 1183(a)(1)(A). Russell allegedly signed a Form I-864 on behalf of Emily at the time she entered the country. He is now in the process of obtaining a divorce.

In addition, Emily has now filed a motion, which the Court construes as a motion for a Temporary Restraining Order, seeking assistance in compelling Russell to abide by the contractual

agreement to provide her support. It appears from her affidavit that Russell is having Emily evicted from the duplex he owns and that, in addition, she is facing significant fines and other penalties for failing to comply with orders issued by the divorce court. From the allegations set forth in the most recent filing, it appears there is some urgency to Emily's request.

Accordingly, the Clerk is directed to set this matter on the Court's calendar for hearing on **December 29, 2011 at 1:30 p.m.**  In addition, the U.S. Marshal's Service shall personally serve Russell with a copy of the summons and complaint, the Court's order granting Emily leave to proceed IFP, the newly filed motion and this Order for Hearing as soon as practicable. Russell is advised that failure to appear and contest Emily's allegations could result in the relief requested being granted.

**SO ORDERED** this   22nd   day of December, 2011.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge