UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILY BETTY-DAWN WOOD-SCHULTZ,

        Plaintiff,

  v.                                                    Case No. 11-C-975

RUSSELL JOHN SCHULTZ,

        Defendant.

## TEMPORARY RESTRAINING ORDER

Plaintiff, an immigrant from Canada, filed this action to enforce an affidavit of support, which was executed by the defendant when she applied for an immigrant visa and, later, for an adjustment of status to Permanent Resident. Federal law requires a sponsor of such an immigrant to sign an affidavit to establish that the immigrant is not excludable as a public charge under 8 U.S.C. § 862(a)(4). *See* 8 U.S.C. § 863a(a)(1). The law provides that the affidavit is a binding contract between a sponsor and the United States Government under which, in return for adjusting the immigrant's status, the sponsor promises to provide support to maintain the sponsored alien at an annual income that is not less than 125% of the federal poverty line during the period when the affidavit is enforceable. 8 U.S.C. § 863a(a)(1)(A). An action to enforce an affidavit of support can be brought either by the sponsored alien or by the appropriate entity of the federal, state or local government, or any other nongovernmental agency that provides such support. 8 U.S.C. § 863a(e); *see also Wenfang Liu v. Mund*, 748 F. Supp. 2nd 598, 962 (W.D. Wis. 2010)("while a Form I-864 Affidavit is a contract between the sponsor and the United States Government, the sponsored immigrant may bring a lawsuit to enforce it as the main third-party beneficiary.")

Plaintiff and Defendant met in 2004 and were engaged in February 2005. Plaintiff applied for, and was granted, a fiancé visa and entered the country shortly thereafter. Her application was supported by an I-134 Sponsorship Agreement signed by Defendant. Plaintiff and Defendant were married on June 23, 2006, and Plaintiff applied for a change of status to Permanent Resident. Defendant signed a Form I-864 Affidavit of Support that accompanied her application, and she has since been granted Permanent Resident status. In 2009, Defendant filed for divorce in the Circuit Court of Brown County, Wisconsin. Plaintiff alleges that she is currently unable to support herself and Defendant has refused to fulfill his obligation to maintain her at 125% of the federal poverty line. She seeks various monetary and injunctive relief.

This Court granted Plaintiff's petition to proceed *in forma pauperis* on October 24, 2011, and directed the U.S. Marshal to personally serve the defendant pursuant to Fed. Civ. P. R. 4(c)(3). On December 20, 2011, Plaintiff filed a letter with the Court requesting immediate assistance, which the Court construed as a motion for a Temporary Restraining Order or Preliminary Injunction. It appears from her letter/motion that Defendant was awarded the duplex where Plaintiff currently resides as part of the property division in their divorce. Although Plaintiff contends that she requested the State Court in the divorce action to consider Defendant's obligation to provide support for her by virtue of the I-864 he had signed, it declined to do so, telling her it was a matter for the federal courts. Plaintiff contends she remains unable to support herself and that Defendant is in the process of having her evicted from the duplex he was awarded in the divorce. Plaintiff requested an immediate injunction enjoining Defendant from evicting her during the pendency of this action.

Upon receipt of Plaintiff's letter/motion, the Court set the matter for a hearing on December 29, 2001, and directed the U.S. Marshal to serve Defendant and his attorney. The Court was

advised by the Deputy Marshal that personal service had been attempted at the Defendant's home on numerous occasions, but was unsuccessful. At the hearing held by the Court on December 29, 2011, Plaintiff produced evidence that Defendant was evading service. Plaintiff also explained that a hearing is scheduled in Brown County Circuit Court for January 5, 2011 and she fears she may be found in contempt for failing to vacate the duplex awarded to her ex-husband in the course of the divorce. She stated she remained unable to afford other housing and has nowhere to go if she is evicted. Although the Court declined to order any relief at that time and instead rescheduled the hearing to allow the Marshal to again attempt service, the Court now concludes that the record supports Plaintiff's request for an ex parte temporary restraining order.

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits; (2) that there is no adequate remedy at law; and (3) that the plaintiff will suffer irreparable harm without injunctive relief. *Incredible Technologies, Inc. v. Virtual Technologies, Inc.,* 400 F.3d 1007,1011 (7th Cir. 2005). If these requirements are met, the Court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted. *Id*.

Here, I find that Plaintiff has established a strong likelihood of success on the merits. The Form I-864 signed by Defendant creates a legal obligation on the part of Defendant to maintain Plaintiff at an income of at least 125% of the Federal Poverty Guidelines. 8 U.S.C. § 1183a(A)(1). The sponsor's obligation under Form I-864 terminates only if one of five conditions is met: 1) the sponsor dies; 2) the sponsored immigrant dies; 3) the sponsored immigrant becomes a United States Citizen; 4) the sponsored immigrant departs the United States permanently; or 5) the sponsored immigrant is credited with 40 qualifying quarters of work. *Carlborg v. Tompkins*, 2010 WL 4553558, * 3 (W.D. Wis. Nov. 3, 2010) (citing 8 U.S.C. § 1183a(C)). The evidence before

3

the Court indicates that none of the conditions necessary to terminate the obligation has been met. It is true that Plaintiff and Defendant are now divorced. However this is not sufficient to terminate the obligation. Indeed, numerous courts have held that a sponsor's obligations under an Affidavit of Support do not terminate upon divorce. *Chang v. Crabill,* No. 1:10-cv-78, 2011WL2471745 *2 (June 21, 2011); *Stump v. Stump*, No. 1:04 CV 253, 2005 WL 1290658 (N.D. Ind. May 27, 2005); *Cheshire v. Cheshire*, No. 3:05–cv–453, 2006 WL 1208010, at *4–5 (M.D. Fla. May 4, 2006); *Hrachova v. Cook*, No. 5:09–cv95–Oc–GRJ, 2009 WL 3674851 (M.D. Fla. Nov.3, 2009); *Skorychenko v. Tompkins*, No. 08–cv–626, 2009 WL 3126379, at *2 (W.D. Wis. Sept.28, 2009). Based upon this authority, I find that Plaintiff's likelihood of success is very high.

I am also satisfied that Plaintiff has no adequate remedy at law and that she would suffer irreparable harm if the relief requested is not granted. The only relief Plaintiff requests at this point is that she be allowed to remain in her home. She indicates that she has no relatives in the area and no financial means to obtain new housing. She has investigated area social services and charitable organizations, and found that she would be unable to find housing through these avenues. She has previously held seasonal employment, but that employment has terminated and she has been unable to find new work. Finally, it appears clear that if this Court does not grant relief, Defendant will seek to have her evicted. Plaintiff's efforts to raise the Form I-864 in the context of the divorce action were apparently unsuccessful. Under these circumstances, the Court finds that the requirements for preliminary injunction have been met.

In balancing the harm to Plaintiff against the harm to Defendant, I am satisfied that the balance is in favor of Plaintiff. If the relief is not granted, Plaintiff will be homeless in January in Green Bay, Wisconsin. Defendant has failed to appear, so it is difficult to determine what, if any, harm will come to him, other than loss of possible rent for the premises if Plaintiff is evicted. In

4

any event, given her clear and strong likelihood of success, and the absence of any indicated harm to Defendant, other than the presumed financial loss of rent, the Court is satisfied that a temporary restraining order should be granted to maintain the status quo. The matter can be addressed more fully at the hearing currently set before this Court on January 4, 2012, at 3:30 p. m.

Accordingly, Plaintiff's motion for a temporary restraining order is hereby **GRANTED**. Defendant Russell J. Schultz is enjoined from either personally or through third parties causing the eviction of Plaintiff Emily Betty-Dawn Wood-Schultz from her home at 1008 Rockdale Street, Green Bay, Wisconsin. The Court has considered the general requirement that a bond be posted as security when a preliminary injunction or temporary restraining order is entered. *See* Fed. R. Civ. P. 65(c). The Court finds, however, that Plaintiff lacks financial resources that would allow her to post such a bond. Given the strong likelihood of success and the irreparable harm Plaintiff would suffer, as well as Plaintiff's indigency, the Court concludes that the proper amount of security to require under these circumstances is zero dollars. *See Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Cir. 1977) (holding that notwithstanding language of Rule 65(c), bond may be excused where party seeking preliminary injunction is indigent). Accordingly, bond is waived and the temporary restraining order is entered.

**SO ORDERED** this  30th  day of December, 2011.

        s/ William C. Griesbach  
        William C. Griesbach  
        United States District Judge