UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILY BETTY-DAWN WOOD-SCHULTZ,

    Plaintiff,

  v.                                Case No. 11-C-975

RUSSELL JOHN SCHULTZ,

    Defendant.

**ORDER DISMISSING CASE**

This matter was on before the Court for a hearing on a Preliminary Injunction and Motion for Sanctions. The hearing was scheduled for February 9, 2012, at 3:00 p.m. Plaintiff failed to appear and the clerk attempted to reach her by telephone, but was unsuccessful. Defendant was present with counsel and moved for dismissal both as a sanction for Plaintiff's earlier failure to appear at a deposition and on the ground that the Court lacks jurisdiction under the *Rooker-Feldman* Doctrine. As to the latter ground, Counsel argued that his research had confirmed that plaintiff's effort to raise the issue of the Affidavit of Support that she is seeking to enforce in this action in state court deprives this Court of jurisdiction over the case. Plaintiff's efforts, though rebuffed by the state trial court, were the subject of her appeal to the Wisconsin Court of Appeals, which she subsequently dismissed after filing suit in federal court. Having pursued the claim in state court, even though unsuccessful, defendant argued that Plaintiff is barred under the *Rooker-Feldman* Doctrine from asserting it here.

Defendant also sought dismissal as a sanction for plaintiff's failure to cooperate in her deposition. The history of that aspect of the case is reflected in the file. Defendant did admit that Plaintiff appeared for a subsequent deposition and he was able to obtain some information. In any event, counsel for Defendant noted that his client had incurred significant fees in addressing Plaintiff's repeated accusations and filings. Given her failure to appear and lack of cooperation, he requested dismissal as a sanction.

Based upon the entire file and the plaintiff's failure to appear, the Court concludes that defendant's motion is well founded and hereby GRANTS the Motion to Dismiss as a sanction for plaintiff's failure to cooperate at her deposition and to appear at the preliminary injunction hearing. Further, the Court also concludes that dismissal is appropriate based upon the Court's conclusion that it lacks jurisdiction under the *Rooker-Feldman* Doctrine. Having raised the issue in state divorce court and filed a notice of appeal to the Wisconsin Court of Appeals in which she raised the same issue, plaintiff may not simply choose a new forum in an attempt to re-litigate the same issue here in federal court. Accordingly, plaintiff's motions are GRANTED and this matter is dismissed on its merits and with prejudice.

**SO ORDERED** this   10th   day of February, 2012.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge